UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD KING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-321 |
| | § | |
| STEVEN C. MCCRAW, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Reginald King's Motion for Reconsideration of

Summary Judgment (Doc. 55). Having considered the motion and the response thereto, the facts

of the case, and the applicable law, the Court finds that Plaintiff's motion should be granted and,

upon reconsideration, that Defendants' Motion for Summary Judgment[1] (Doc. 43) should be

granted as to both Defendants and Plaintiff's claims dismissed.

## I. Background

### *A. Factual Background*

There is no dispute regarding the material facts underlying this lawsuit, which were

summarized in the Court's September 7, 2012, Opinion and Order (Doc. 53). The facts most

relevant to understanding and resolving the current issues are as follows:

In 1990, Plaintiff was indicted for the offense of indecency with a child; he subsequently

pled guilty and was placed on deferred adjudication probation. Compl. 3-4, Doc. 1. After

successfully completing probation in 1996, the proceedings against him were dismissed. Compl.

---

[1] On November 30, 2011, Defendant Steven C. McCraw individually filed his motion for summary judgment, and
the Court originally considered it only as to him. On May 15, 2012, Defendant Kenith Adcox filed his joinder in that
motion (Doc. 50), and today the Court reconsiders it as to both Defendants. Therefore, depending on the context, it
will be referred to either as "McCraw's Motion for Summary Judgment" or as "Defendants' Motion for Summary
Judgment."

4. In 2002, after being indicted for and pleading guilty to two other unrelated offenses, Plaintiff was sentenced to 20 years' incarceration with the Texas Department of Criminal Justice. Compl. 4. He was released on parole in 2008 on the statutorily mandated condition that he register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure. Defs.' Mot. Summ. J. 3. In 2009, the La Porte Police Department contacted Plaintiff and informed him that he was required to register as a sex offender, which he did. Compl. 4.

In 1991, one year after entry of Plaintiff's deferred adjudication, the Texas legislature, through the Sex Offender Registration Act ("SORA"), enacted the Sex Offender Registration Program ("SORP"). Act of Sept. 1, 1991, 72nd Leg., R.S., ch. 572, Tex. Gen. Laws 2029-32 (S.B. 259). Those with a deferred adjudication for the offense of indecency with a child were not originally required to register, but by 2005, amendments to the SORA had expanded its reach to include individuals such as Plaintiff. Act of May 26, 2005, 79th Leg., R.S., ch. 1008, Tex. Gen. Laws 3385, 3412 (S.B. 867). The 2005 version of the SORA served as the authority for requiring Plaintiff to register as a sex offender. Additionally, in 2006 the City of La Porte passed an ordinance prohibiting sex offenders whose violation involved a victim under 17 years of age from residing within 1,000 feet of any premises where children commonly gather, including playgrounds, schools, and public swimming pools. La Porte, Tex., Gen. Ordinances ch. 42, art. V, § 42-104 (2012).

### B. Procedural Background

On February 2, 2010, Plaintiff filed his original complaint, bringing claims under 42 U.S.C. § 1983. Compl. 1. Therein he asserted the unconstitutionality of the SORA—a state law—and named two Defendants, Kenith Adcox and Steven C. McCraw—each "being sued in his official capacity as an agent of the State of Texas." Compl. 1-3. As explained below, of

particular relevance to the motion presently before the Court is Plaintiff's claim that the SORA

violates the Ex Post Facto Clause.[2] Compl. 9. Before that issue is reached, however, some

explanation of the intervening procedural history is required.

On June 8, 2010, Adcox filed, inter alia, a motion to dismiss for insufficient service of

process (Doc. 9). On September 3, 2010, the Court issued an order (Doc. 23) granting the motion

and dismissing Plaintiff's claims against Adcox, but without prejudice to Plaintiff's right to

effect proper service within 21 days. As of September 24, 2010, when those 21 days expired,

Plaintiff had not filed proof of such service with the Court. In fact, as of September 7, 2012,

when the Court issued its opinion and order granting McCraw's motion for summary judgment,

Plaintiff still had not yet filed proof of such service with the Court. That omission in the record—

and the resulting belief that Plaintiff's claims against Adcox had all been dismissed—led to two

other omissions: first, the Court's not ruling on Adcox's motion to dismiss under Rule 12(b) for

lack of subject matter jurisdiction and for failure to state a claim ("Motion to Dismiss," Doc. 42);

second, not considering one of the facts alleged by Plaintiff in his response (Doc. 49) to

McCraw's motion for summary judgment. The latter forms the basis of the motion before the

Court and necessitates further explanation.

On May 14, 2012, in his response to the motion for summary judgment, Plaintiff alleged

that "[t]he city of La Porte has enacted residency restrictions upon registered sex offenders" that

violate the Ex Post Facto Clause. Pl.'s Resp. to Defs.' Mot. Summ. J. 4. In dismissing this cause

of action, the Court noted:

> Although King did not allege either in his original complaint [or] in his response
> to the Defendant's motion for summary judgment that he was challenging the
> constitutionality of the City of La Porte's residency restrictions, he initially did
> sue Kenith Adcox in his official capacity as Chief of Police for the City of La
> Porte. As previously mentioned, on September 3, 2010, the Court entered an order

---

[2] "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1.

> granting Defendant Adcox's motion to dismiss for insufficient service of process
> and dismissing King's claims against Adcox.

Op. & Order 12 n.12, Sep. 7, 2012 (citations omitted). Therefore, the Court explained, "[a]lthough the City of La Porte may have imposed residency restrictions on sexual offenders, those local ordinances cannot form the basis of King's [constitutional] challenge." Op. & Order 11-12, Sep. 7, 2012. The Court then considered—and dismissed—Plaintiff's only remaining allegation under this cause of action: "that the SORA requires him to 're-register every year.'" Op. & Order 12, Sep. 7, 2012.

Twenty-eight days later, on October 5, 2012, Plaintiff filed the motion presently before the Court and attached as Exhibit 1 (Doc. 55-1) proof of service of Adcox on September 20, 2010. "Plaintiff moves that the Court reconsider its order of summary judgment on the basis that Adcox was a party to the litigation, which materially affected the Court's resolution of the case." Mot. Recons. Summ. J. 2.

## II. Legal Standard

Although the Federal Rules of Civil Procedure do not specifically provide for a "motion for reconsideration," a motion denominated as such that challenges a prior judgment on the merits is treated as either a "motion to alter or amend a judgment" under Rule59(e) or a motion "for relief from a final judgment" under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is filed. If the motion is filed no later than [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is filed after that time, it falls under Rule 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)

(alterations omitted) (quoting *Lavespere*, 910 F.2d at 173).[3] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alterations and internal quotation marks omitted) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

## III. Analysis

Because Plaintiff filed his motion within 28 days of the entry of judgment, it will be analyzed under the Rule 59(e) standard. A Rule 59(e) motion is an appropriate vehicle for questioning judgments that are based on errors of law or fact. In this case, the Court finds a clear error of fact: now that proof of service of Adcox has been introduced in the record, there is no basis for the order dismissing all claims against him for insufficient service of process; since such dismissal was based on factual error, it cannot itself serve as the basis for subsequent judgments, and the Court must reconsider those judgments in light of the correct facts. As a result, two motions (and the decisions resulting from them) are revived for consideration: first, Defendant Adcox's Motion to Dismiss Under Rule 12(b) (which has yet to be ruled on); second, Defendants' Motion for Summary Judgment (which contains one factual allegation that has yet to be considered).

### A. Motion to Dismiss Under Rule 12(b)

---

[3] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A motion under Rule 59(e), however, must be made "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Both the *Texas A&M* and *Lavespere* courts relied on this time distinction for their respective holdings but issued their decisions pursuant to the former Rule 59(e); therefore, they drew the line according to the former time period: 10 days after the entry of judgment. Later, a 2009 amendment expanded the time limit from 10 to 28 days. *See* Fed. R. Civ. P. 59 advisory committee's note ("[T]he former 10-day period[ for post-judgment motions under Rule 59 is] expanded to 28 days."). As a result, while the distinction between Rule 60(b) and Rule 59(e) motions still stands as before, the specific timing of the cut-off period has changed.

Adcox filed his motion to dismiss both for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Mot. Dismiss 1. "When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing the attack on the merits." *Rodriguez v. Tex. Comm'n of Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998) (citing *Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)) aff'd sub nom. Rodriguez v. Tex. Comm'n on the Arts*, 199 F.3d 279 (5th Cir. 2000).

### 1. Rule 12(b)(1)

A claim is properly dismissed for lack of subject matter jurisdiction under 12(b)(1) if the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In assessing subject matter jurisdiction, allegations set forth in the complaint must be accepted as true, and dismissal should be granted only if it appears certain that the plaintiff cannot prove any set of facts establishing the court's jurisdiction.[4] *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). In this case, Adcox argues that he does not have any official capacity as an agent of the State of Texas and, therefore, there is no subject matter jurisdiction as to the § 1983 claims against him. Mot. Dismiss 4-5 ("A complaint that fails to allege sufficient facts relevant to capacity . . . is subject to dismissal under Rule 12(b)(1).").

In general, "*when required to show that the court has jurisdiction*, a pleading [must]

---

[4] When a "factual attack" is asserted against the complaint, "no presumptive truth attaches to plaintiff's allegations" and the court may consider evidence beyond the pleadings to resolve factual disputes. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). Here, Adcox purports to assert a factual attack, Mot. Dismiss 5, and attaches his affidavit (Doc. 42-1) in support, but this affidavit fails to introduce any new relevant facts or to dispute facts already in the complaint. The essence of Adcox's affidavit is that he is not an employee of the State of Texas but of the City of La Porte; Plaintiff acknowledges as much in the complaint, stating that "Defendant Kenith Adcox is the chief of the La Porte Police Department." Compl. 3. Therefore, Adcox's motion will treated as a "facial attack," and allegations in the complaint—including that he is the Chief of the La Porte Police Department—will be accepted as true.

allege . . . a party's capacity to . . . be sued." Fed. R. Civ. P. 9(a) (emphasis added). In this case, subject matter jurisdiction is based on a federal question pursuant to 28 U.S.C. § 1331, specifically a question "arising under" 42 U.S.C. § 1983. Section 1983 reads in relevant part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable.

§ 1983. Adcox does not deny that a federal question exists; instead, he denies that he acted as an agent of the State of Texas, which is another way of arguing that he is not a "person" under the statute who "shall be liable." This, of course, is a matter to be decided on the merits, not as a question of jurisdiction. Adcox's argument is simply misplaced.

Subject matter jurisdiction exists pursuant to 42 U.S.C. § 1983 and § 1331, and Adcox's motion fails to address, let alone weaken, the basis of such jurisdiction. Therefore, the motion to dismiss under Rule 12(b)(1) must fail.

### 2. Rule 12(b)(6)

"When jurisdiction is founded on the presence of a federal question, the claimant must allege those facts relevant to capacity, authority, or legal existence *that are needed to show the existence of a claim* arising under the Constitution, laws, or treaties of the United States." 5 Charles Alan Wright et al., Federal Practice and Procedure § 1293 (3d ed. 2012) (emphasis added). Therefore, if the defense of lack of capacity to be sued is based on the face of the complaint, this defense can be asserted as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[5] David Hittner et al., Practice Guide: Federal Civil

---

[5] In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). But "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, Adcox presents an affidavit in support of his motion. As above, however, consideration of this

Procedure Before Trial, 5th Circuit Edition ¶ 9:196a (2012). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

For a § 1983 claim to meet this facial plausibility standard, "the plaintiff must allege that some person has deprived him of a federal right" and "that the person who has deprived him of that right acted under color of state or territorial law." *Stern v. Epps*, 464 F. App'x 388, 393 (5th Cir. 2012) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)) (internal quotation marks omitted). Adcox's argument, in essence, is that he cannot be this "person" because he is an official of and agent for only the City of La Porte, and, as such, lacks the official capacity to be an agent of the State of Texas. Mot. Dismiss 3. This argument is misguided, as it misapprehends the meaning of "capacity" and "agent" in the context of a § 1983 suit.

Regarding the former, "capacity" as it applies to government officials under § 1983 refers not to the capacity (or lack thereof) to be sued, but to the two types of suits than can be brought against them: personal and official. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Personal-capacity suits seek to impose liability upon a government official as an individual while official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978)). The case brought against Adcox is an official-capacity suit and, therefore, is not against him personally,

---

affidavit is not necessary for adjudication of this motion; therefore, it is excluded from such consideration and the Court limits its inquiry to the facts stated in the complaint.

"for the real party in interest is the entity" of which Adcox is an agent. *Id.* (quoting *Graham*, 473 U.S. at 166).

This, of course, carries the analysis to its next point: the word "agent." Adcox argues that "[t]he complaint states no claim against [him] because, as chief of a city police department, there is no factual predicate for Plaintiff's allegation that he is an agent of the State of Texas," Mot. Dismiss 7. But it is helpful to recall, first, the specific act that Adcox allegedly committed; second, under what authority he took such action; and third, the legal reasoning that determines which entity is ultimately responsible. First, the allegation: "In August of 2009, La Porte Police Department Sex Offender Registration Officer, Detective Hucklebee, under the command of defendant Kenith Adcox, contacted plaintiff and informed him that the La Porte Police Department required that he register as a sex offender. He complied and registered on August 31, 2009." Compl. 4. Second, the authority—the Texas Sex Offender Registration Program:

> [F]or each person subject to registration under this chapter, the [Department of Public Safety] shall determine which local law enforcement authority serves as the person's primary registration authority based on the municipality or county in which the person resides . . . .
> . . . .
> A person . . . shall register . . . with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days.

Tex. Code Crim. Proc. Ann. arts. 62.004, 62.051 (West 2006 & Supp. 2011). And under the SORP, "local law enforcement authority" includes in its definition "the office of the chief of police of a municipality." *Id.* art. 62.001(2). Finally, the legal reasoning:

> [T]he State cannot dissociate itself from actions taken under its laws by labeling those it commands to act as local officials. A county official pursues his duties as a state agent when he is enforcing state law or policy. He acts as a county agent when he is enforcing county law or policy. It may be possible for the officer to wear both state and county hats at the same time, but when a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official.

*Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) (citations omitted); *see also McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 793 (1997) (concluding that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties"); *Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985) ("[In Texas, county judges'] judicial function . . . 'may more fairly be characterized as the effectuation of the policy of the State of Texas.'") (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)); *Guerrero v. Refugio Cnty.*, 946 S.W.2d 558, 568 (Tex. App. 1997) (citations omitted) ("An official pursues his duties as a state agent when he is enforcing state law or state policy. He is a county agent when he enforces county policy or law.").

It is clear, then, that being employed by the City of La Porte does not preclude acting as an agent of the State of Texas; it is also clear that the alleged conduct was done under the direction and authority of the SORP—a state law. As a result, any argument for "lack of capacity" is fruitless and cannot serve as the basis for Adcox's dismissal from this action; therefore, his Rule 12(b)(6) motion must fail.

### B. Motion for Summary Judgment

Having recognized that Adcox is a proper party to the suit joining in McCraw's motion for summary judgment, the Court must now reconsider its granting of that motion, but only to the extent that Adcox's joinder affects the Court's reasoning. As explained in the procedural background above, only one fact was erroneously excluded from consideration—that "[t]he city of La Porte has enacted residency restrictions upon registered sex offenders," Pl.'s Resp. to Defs.' Mot. Summ. J. 4—and that fact was offered in support of only one cause of action—that

10 / 16

the SORA "violates plaintiff's protection against ex post facto legislation," Compl. 8 n.1.

Therefore, summary judgment must be granted in favor of both Defendants on Counts One and

Three; Count Two requires reconsideration.

Summary judgment is appropriate when "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no

dispute that La Porte has enacted sex offender residency restrictions, as the applicable ordinance

reads in relevant part:

> If a person is required to register on the department of public safety's sex offender
> database because of a violation involving a victim who was less than 17 years of
> age, it is unlawful for that person to establish a permanent residence or temporary
> residence within 1,000 feet of any premises where children commonly gather,
> including a playground, school, video arcade facility, public or private youth
> center, or public swimming pool . . . .

La Porte, Tex., Gen. Ordinances ch. 42, art. V, § 42-104 (2012). The addition of this fact,

however, does not affect the Court's conclusion. "Although the City of La Porte may have

imposed residency restrictions on sexual offenders, those local ordinances cannot form the basis

of King's challenge to the SORA," because "the SORA itself does not impose any residency

restrictions." Op. & Order 11-12, Sep. 7, 2012 (footnote omitted).

Instead, Plaintiff has, in essence, stated a claim against the City of La Porte that was not

made in his original complaint—and which the Court is not free to consider because such a claim

is not properly before it. But "[l]eave to amend pleadings 'shall be freely given when justice

requires,'" *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting Fed. R. Civ. P.

15(a)), and even if not explicitly stated, a request for leave to amend may be inferred when a

party raises new claims in its response to a motion for summary judgment. *See Stover v.*

*Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (finding it proper for the

district court to consider and rule on a claim made for the first time in response to a motion for

summary judgment); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (concluding

that the district court should have construed a legal theory set forth for the first time in response

to a summary judgment motion as a motion to amend the pleadings and granted it as such).

Whether to grant this request is determined by the following standard:

> In the absence of any apparent or declared reason—such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failures to cure deficiencies
> by amendments previously allowed, undue prejudice to the other party by virtue
> of allowance of the amendment, futility of amendment, etc.—the leave sought
> should, as the rules require, be "freely given."

*Whitmire*, 212 F.3d at 889 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In this case, the

Court concludes that leave to amend should not be given for one important reason: futility. As

explained below, even if Plaintiff amended his complaint to claim an ex post facto violation by

the La Porte ordinance, this claim would still fail to survive summary judgment.

The Ex Post Facto Clause "forbid[s] the government from enacting any law 'which

imposes a punishment for an act which was not punishable at the time it was committed; or

imposes additional punishment to that then prescribed,'" *United States v. Young*, 585 F.3d 199,

202 (5th Cir. 2009) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277 (1867)); in other

words, if it is retroactive and punitive. Because Plaintiff was indicted for his sex offense in 1990

and the ordinance was not passed until 2006, retroactivity is not at issue, and the only question is

whether the ordinance, as applied to Plaintiff, is punitive. The framework for making this

determination is divided into two steps. *Young*, 585 F.3d at 204. First, the court must ascertain

legislative intent: if the intent was to impose punishment, then the law is automatically

unconstitutional; if it was "to enact a regulatory scheme that is civil and nonpunitive," then the

inquiry moves to the next step. *Id.* (quoting *Smith*, 538 U.S. at 92) (internal quotation marks

omitted). The court then "must ask 'whether the statutory scheme is so punitive either in purpose

or effect as to negate the government's intention to deem it civil,'" *Id.* (alterations omitted) (quoting *Smith*, 538 U.S. at 92).

"We discern a statute's intent by looking first at the words of the statute. If its words are clear and unambiguous, 'then our interpretative journey comes to an end, and we apply that plain meaning to the facts before us.'" *Moore v. Avoyelles Corr. Ctr.*, 253 F.3d 870, 872 (5th Cir. 2001) (quoting *United States v. Barlow,* 41 F.3d 935, 942 (5th Cir.1994)). The words of the ordinance clearly and unambiguously express its intent as nonpunitive:

> The city council finds that repeat sex offenders, sex offenders that use physical violence and who are convicted of preying on children are sexual predators who present an extreme threat to the health, safety, and welfare of children. Sex offenders are likely to use physical violence, to repeat an offense, have many more victims than are ever reported, are prosecuted for only a fraction of their actual sexual offenses, and children not only lack the ability to protect themselves but additional measures should be taken to keep known sex offenders from having access to children in areas where children generally feel safe.
> *It is the intent of this article to serve the city's compelling interest to promote, protect and improve the health, safety and welfare of the citizens of the city* by creating areas around locations where children regularly congregate in concentrated numbers wherein certain registered sex offenders and sexual predators are prohibited from establishing temporary or permanent residency.

La Porte, Tex., Gen. Ordinances ch. 42, art. V, § 42-102 (2012) (emphasis added). The words of the ordinance are indeed clear and unambiguous, and the plainly stated civil intent of the city council spurs the inquiry to its second step.

In determining if the ordinance is punitive in effect, the most relevant factors to consider "are whether, in its necessary operation, the regulatory scheme: has been regarded in our history and traditions as a punishment; imposes an affirmative disability or restraint; promotes the traditional aims of punishment; has a rational connection to a nonpunitive purpose; or is excessive with respect to this purpose." *Young*, 585 F.3d at 206 (quoting *Smith*, 538 U.S. at 97). These factors, however, are "neither exhaustive nor dispositive," and their application depends

on the their specific context. *Smith*, 538 U.S. at 97.

In the context of sex offender regulations, the most important factor is whether there is a rational connection between the ordinance and its nonpunitive purpose. *Id.* at 102. Plaintiff does not argue the lack of such a rational connection but instead argues that the effects of the ordinance are excessive when compared with its goal of public safety. Pl's. Resp. to Defs.' Mot. Summ. J. 5. But "only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Young*, 585 F.3d at 204 (quoting *Smith*, 538 U.S. at 92) (internal quotation marks omitted).

Given this standard of "clearest proof," Plaintiff offers what can only be called scant evidence, and "evidence," in fact, may be too generous a description—"conclusory statements" seems more appropriate. Plaintiff argues:

> The SORA does not accomplish its stated purpose. For example, a study commissioned by the Texas Senate Committee on Criminal Justice in 2010 concluded that "[b]ased on the research [and] the testimony provided during the hearing, it is clear registries do not provide the public safety, definitely not the way it is now." See S. Comm. on Crim. Justice, Interim Report to 82nd Leg., S. Rep. No. 81, at 4 (Tex. 2010); (PX 1).
>
> Instead, the SORA as applied to plaintiff is overly intrusive (by requiring him to re-register every year) and unduly restrictive (by preventing him from . . . moving to the area of his choice). Accordingly, it has grossly exceeded its stated alternative purpose.

Pl.'s Resp. to Defs.' Mot. Summ. J. 6 (footnote omitted). The irony of the first paragraph is that it is meant to support the argument that sex offender regulations are excessive, when, in fact, the quoted material originally was offered to support the argument that these regulations are not enough. As the committee explained:

> Sex offenses are very serious crimes. There is no debate over whether violent and dangerous people should be . . . monitored extensively. . . . In addition there are limited resources to address all of the issues facing the state today. However, it is important to emphasis [sic] the fact that high cost does not negate public safety measures.

S. Comm. on Crim. Justice, <u>Interim Report to 82nd Leg.</u>, S. Rep. No. 81, at 4 (Tex. 2010). Furthermore, Plaintiff fails to offer anything more than the facts of the regulations themselves and the conclusion that they are "grossly" excessive; the reasoning leading from one to the other is missing. The Court, therefore, finds that Plaintiff's proffered evidence and conclusory allegations are, as a matter of law, too insubstantial to constitute the "clearest proof" necessary to overcome the presumption of civil remedy created by clear legislative intent, or to outweigh the body of persuasive legal authority. *See, e.g.*, *Weems v. Little Rock Police Dept.*, 453 F.3d 1010, 1017 (8th Cir. 2006) (holding that residency restrictions do not violate the Ex Post Facto Clause) (citing *Doe v. Miller*, 405 F.3d 700, 723 (8th Cir. 2005)); *Gautier v. Jones*, No. CIV-08-445-C, 2009 WL 1444533, at *8 (W.D. Okla. May 20, 2009) (same), *rev'd on other grounds,* 364 F. App'x 422 (10th Cir. 2010); *Doe v. Baker*, No. 1:05-CV-2265, 2006 WL 905368, at *5-6 (N.D. Ga. Apr. 5, 2006) (same); *Coston v. Petro*, 398 F. Supp. 2d 878, 887 (S.D. Ohio 2005) (finding residency requirements to be nonpunitive both in purpose and effect); *Bulles v. Hershman*, No. CIV.A. 07-2889, 2009 WL 435337, at *4-6 (E.D. Pa. Feb. 19, 2009) (same).

Given that there are no genuine disputes of material fact, nor is there sufficient evidence supporting essential elements of Plaintiff's case, summary judgment should be granted and all claims dismissed as to both Defendants.

### IV. Conclusion

For the foregoing reasons, its is hereby

ORDERED that Plaintiff's motion for reconsideration is GRANTED. Upon reconsideration, it is further

ORDERED that Defendant Adcox's motion to dismiss is DENIED; it is further

ORDERED that Defendants' motion for summary judgment is amended such that it is

GRANTED as to both Defendants, Steven C. McCraw and Kenith Adcox.

SIGNED at Houston, Texas, this 15th day of January, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE